IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC, | § § | |
| Plaintiff, | § § | Case No: |
| vs. | § § | PATENT CASE |
| HSBC BANK USA, NATIONAL ASSOCIATION | § § § § | |
| Defendant. | § § | |

**COMPLAINT**

Plaintiff Symbology Innovations, LLC ("Plaintiff" or "Symbology") files this Complaint against HSBC Bank USA, National Association ("Defendant" or "HSBC") for infringement of United States Patents No. 8,424,752, No. 8,651,369, and No. 8,936,190 (hereinafter "the '752 Patent," "the '369 Patent," and "the '190 Patent").

**PARTIES AND JURISDICTION**

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. On information and belief, Defendant is a Delaware corporation with its principal office located at 1105 N. Market St., Suite 1, Wilmington, DE 19801.  Defendant

may be served through its registered agent, CT Corporation System, located at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

5. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this District. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,424,752)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '752 Patent with sole rights to enforce the '752 Patent and sue infringers.

11. A copy of the '752 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached hereto as Exhibit A.

12. The '752 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '752 Patent by using and/or incorporating Quick Response Codes (QR codes) in printed advertising and/or on one or more Internet websites in a manner covered by one or more claims of the '752 Patent. Defendant has infringed and continues to infringe the '752 Patent in violation of 35 U.S.C. § 271.

14.     On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in advertising, associating such QR codes with products and/or services.  One specific example of Defendant's activity involves the use of QR codes in connection with advertising for its Mobile Banking App.

15.     For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with its Mobile Banking App.  On information and belief, Defendant has captured a digital image of a QR code associated with its Mobile Banking App as illustrated, for example, on the following website:

http://www.us.hsbc.com/1/2/home/personal-banking/pib/mobile

For example, as shown below in a partial screen shot from the latter website, one or more QR codes is shown associated with advertising for Defendant's Mobile Banking App.



16.     Defendant's advertisement of its Mobile Banking App informs users that they can scan the QR through their smartphone to download the app.  On information and belief, at least through internal testing, Defendant has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with the advertisement of Defendant's Mobile Banking App.

17.     On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the portable electronic device.  The scanning technology detects symbology (for example, a pattern within the QR code) associated with an object (for example, the QR code itself).  On information and belief the scanning technology is used to decode the symbology to obtain a decode string.  The decode string is sent to a remote server

for further processing. Based on the decode string, the remote server sends information associated with the QR code, which is received by the user of the portable electronic device and displayed on a display associated with the portable electronic device.

18. For example, if a user scans a QR code in the advertising associated with Defendant's Mobile Banking App, scanning technology decodes the pattern of the QR code to obtain a decode string and sends the decode string to a remote server. The server returns information associated with the QR code. In this example, the information received by the user and displayed on the portable electronic device is information about Defendant's Mobile Banking App including descriptions of the app, screen shots, reviews and a link to download the app. The information is illustrated, for example, with a website at:

https://play.google.com/store/apps/details?id=com.htsu.hsbcpersonalbanking

and the information displayed is illustrated by the partial screen shot below.



19.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

20.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

21.     Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT II
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,651,369)

22.     Plaintiff incorporates paragraphs 1 through 21 herein by reference.

23.     This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

24.     Plaintiff is the owner by assignment of the '369 Patent with sole rights to enforce the '369 Patent and sue infringers.

25.     A copy of the '369 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached hereto as Exhibit B.

26.     The '369 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

27.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '369 Patent by using and/or incorporating Quick Response Codes (QR codes in printed advertising and/or on one or more Internet websites in a manner covered by one or more claims of the '369 Patent. Defendant has infringed and continues to infringe the '369 Patent in violation of 35 U.S.C. § 271.

28.     On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in advertising, associating such QR codes with products and/or

services. One specific example of Defendant's activity involves the use of QR codes in connection with advertising for its Mobile Banking App.

29. For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with the Mobile Banking App. On information and belief, Defendant has captured a digital image of a QR code associated with its Mobile Banking App as provided on the following website, for example:

http://www.us.hsbc.com/1/2/home/personal-banking/pib/mobile

For example, as shown below in a partial screen shot from the latter website, one or more QR codes is shown associated with advertising for Defendant's Mobile Banking App.



30. Defendant's advertisement of its Mobile Banking App informs users that they can scan the QR code through their smartphone to download the app. On information and

belief, at least through internal testing, Defendant has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with the advertisement of Defendant's Mobile Banking App.

31.     On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the portable electronic device.  The scanning technology detects symbology (for example, a pattern within the QR code) associated with the digital image.  On information and belief the scanning technology is used to decode the symbology to obtain a decode string.  The decode string is sent to a remote server for further processing.  Based on the decode string, the remote server sends information associated with the QR code, which is received by the user of the portable electronic device and displayed on a display associated with the portable electronic device.

32.     For example, if a user scans a QR code in the advertising associated with Defendant's Mobile Banking App, scanning technology decodes the pattern of the QR code to obtain a decode string and sends the decode string to a remote server.  The server returns information associated with the QR code.  In this example, the information received by the user and displayed on the portable electronic device is information about Defendant's Mobile Banking App including descriptions of the app, screen shots, reviews and a link to download the app.  The information is illustrated, for example, with a website at:

https://play.google.com/store/apps/details?id=com.htsu.hsbcpersonalbanking

and the information displayed is illustrated by the partial screen shot below.



33. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

34. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

35. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT III
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,936,190)

36. Plaintiff incorporates paragraphs 1 through 35 herein by reference.

37. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

38. Plaintiff is the owner by assignment of the '190 Patent with sole rights to

enforce the '190 patent and sue infringers.

39. A copy of the '190 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached hereto as Exhibit C.

40. The '190 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

41. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '190 Patent by using and/or incorporating Quick Response Codes (QR codes) in advertising and on one or more Internet websites in a manner covered by one or more claims of the '190 Patent. Defendant has infringed and continues to infringe the '190 Patent in violation of 35 U.S.C. § 271.

42. On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in advertising, associating such QR codes with products and/or services.  One specific example of Defendant's activity involves the use of QR codes in connection with advertising for its Mobile Banking App.

43. For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with its Mobile Banking App.  On information and belief, Defendant has captured a digital image of a QR code associated with its Mobile Banking App as provided on the following website, for example:

http://www.us.hsbc.com/1/2/home/personal-banking/pib/mobile

For example, as shown below in a partial screen shot from the latter website, one or more QR codes is shown associated with advertising for Defendant's Mobile Banking App.



44.     Defendant's advertisement of its Mobile Banking App informs users that they can scan the QR code through their smartphone to download the app.  On information and belief, at least through internal testing, Defendant has used a digital image capturing device of an electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QRs code(s) associated with the advertisement of Defendant's Mobile Banking App.

45.     On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the electronic device.  The scanning technology detects symbology (for example, a pattern within the QR code) associated with the digital image.  On information and belief the scanning technology is used to decode the symbology to obtain a decode string.  The decode string is sent to a remote server for further processing.  Based on

the decode string, the remote server sends information associated with the QR code, which is received by the user of the electronic device and displayed on a display associated with the electronic device.

46. For example, if a user scans a QR code in the advertising associated with Defendant's Mobile Banking App, scanning technology decodes the pattern of the QR code to obtain a decode string and sends the decode string to a remote server. The server returns information associated with the QR code. In this example, the information received by the user and displayed on the electronic device is information about Defendant's Mobile Banking App including descriptions of the app, screen shots, reviews and a link to download the app. The information is illustrated, for example, with a website at:

https://play.google.com/store/apps/details?id=com.htsu.hsbcpersonalbanking

and the information displayed is illustrated by the partial screen shot below.



47. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

48. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

49. Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patents No. 8,424,752, No. 8,651,369, and No. 8,936,190 (or, in the alternative, awarding Plaintiff running royalties from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: April 26, 2016					Respectfully submitted,


							*/s/ Jay Johnson*
							**JAY JOHNSON**
							State Bar No. 24067322
							**D. BRADLEY KIZZIA**
							State Bar No. 11547550
							**ANTHONY RICCIARDELLI**
							State Bar No. 24070493
							**KIZZIA JOHNSON, PLLC**
							1910 Pacific Ave., Suite 13000
							Dallas, Texas 75201
							(214) 451-0164
							Fax: (214) 451-0165
							jay@kjpllc.com
							bkizzia@kjpllc.com
							anthony@kjpllc.com

							**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

# EXHIBIT B

# EXHIBIT C